1  RADHIKA KANNAN (SBN 327733)
   FERNANDO GAYTAN (SBN 224712)
2  ADRIANO L. MARTINEZ (SBN 237152)
3  Earthjustice
   707 Wilshire Blvd., Suite 4300
4  Los Angeles, CA 90017
   rkannan@earthjustice.org
5  fgaytan@earthjustice.org
6  amartinez@earthjustice.org
   Tel: 415-217-2025 / Fax: 213-403-4822
7
8  *Attorneys for Plaintiffs East Yard Communities*
   *for Environmental Justice and People's Collective*
9  *for Environmental Justice*

10  (List of Counsel Continued on Next Page)

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EAST YARD COMMUNITIES FOR ENVIRONMENTAL JUSTICE, PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, COMMUNITIES FOR A BETTER ENVIRONMENT, and SIERRA CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, THE GOVERNING BOARD OF THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, CALIFORNIA AIR RESOURCES BOARD, and DOES 1 through 25 inclusive, <br><br> Defendants. | Case No: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> (Clean Air Act, 42 U.S.C. §§ 7401 et seq.) |

Complaint for Declaratory and Injunctive Relief
Case No.

SHANA LAZEROW (SBN 195491)
Communities for a Better Environment
6325 Pacific Blvd. Suite 300
Huntington Park, CA 90255
(323) 826-9771
slazerow@cbecal.org

*Attorney for Plaintiff Communities for a Better Environment*

NIHAL SHRINATH (SBN 327921)
Sierra Club
2101 Webster St., Ste. 1300
Oakland, California 94612
(415) 977-5627
nihal.shrinath@sierraclub.org

*Attorney for Plaintiff Sierra Club*

## INTRODUCTION

1. Residents of California's South Coast air basin ("South Coast") are struggling to breathe. The South Coast is one of the most air-polluted regions in the United States. During the warmer summer and fall months, the South Coast is choked with ozone pockets (also called "smog").

2. Elevated ozone levels burn the eyes, throat and lungs, trigger asthma attacks, and complicate the survival of the young and elderly already suffering from respiratory or other ailments. In addition to these health impacts, ozone pollution obscures visibility and damages plants and other natural resources.

3. For more than 20 years, the South Coast has failed to meet federal air quality standards for ozone (the "8-hour ozone standard"). In fact, the South Coast has never met a federal ozone standard.

4. Under section 185 of the federal Clean Air Act ("CAA"), areas that fail to meet ozone NAAQS must adopt mandatory pollution fees ("fee program" or "fee rule") on the region's largest stationary sources (e.g., refineries, powerplants, etc.) emitting precursors to ozone (NOx and VOCs) in nonattainment areas.

5. In California, local authorities have the delegated authority and primary responsibility to control air pollution from all sources other than motor vehicles. Cal. Health & Safety Code §§ 39002, 40000.

6. Air pollution control and air quality management districts adopt and enforce rules and regulations to achieve and maintain federal and state NAAQS for the areas under their jurisdiction. Cal. Health & Safety Code §§ 40001, 40440, 40462, 40469.

7. Once adopted, these rules (including fee rules) are submitted to the California Air Resources Board ("CARB"). CARB is the state agency responsible for submitting a State Implementation Plan ("SIP") that complies with the CAA. Cal. Health & Safety Code § 39602.

8. The U.S. Environmental Protection Agency designated the South Coast

as nonattainment for the 1997 8-hour ozone standard on April 15, 2004. *See* Air Quality Designations and Classifications for the 8-Hour Ozone National Ambient Air Quality Standards; Early Action Compact Areas With Deferred Effective Dates, 69 Fed. Reg. 23,858 at 23,888-89 (April 30, 2004) and 40 C.F.R § 81.305.

9. As South Coast approaches the 20-year mark from EPA's nonattainment designation, it continues to fall short of meeting the 1997 ozone standard.

10. The South Coast Air Quality Management District ("SCAQMD") was required to adopt a fee rule within 10 years of EPA's nonattainment designation for the 1997 8-hour ozone standard. Thus, SCAQMD was required to have finalized a fee program no later than June 15, 2014.

11. South Coast has yet to adopt a fee rule after its nonattainment designation for the 1997 8-hour ozone standard.

12. CARB has failed to submit a SIP that complies with the CAA to EPA.

13. Environmental justice and community groups file this challenge to vindicate their rights to be protected by the 1990 amendments to the Clean Air Act in the most ozone-polluted part of the United States.

**JURISDICTION AND VENUE**

14. This Court has jurisdiction over this action to compel the performance of non-discretionary duties by South Coast and CARB pursuant to 42 U.S.C. § 7604(a) (citizen suit provision of the CAA) and 28 U.S.C. § 1331 (federal question jurisdiction).

15. Plaintiffs have provided South Coast and CARB with written notice of the claims stated in this action at least sixty days before commencing this action as required by 42 U.S.C. § 7604(b)(2). *See* Exhibit A (Letter from Counsel to Vanessa Delgado, Chair of the Governing Board of South Coast Air Quality Management District and Gideon Kracov at the California Air Resources Board).

16. Venue in this district is appropriate under 29 U.S.C. § 1391(b), as the SCAQMD's headquarters are located in the Western Division of the Central District

of California.

**PARTIES**

17. East Yard Communities for Environmental Justice ("EYCEJ"), founded in 2001, is an environmental health and justice nonprofit corporation working towards a safe and healthy environment for communities that disproportionately suffer the negative impacts of industrial pollution. EYCEJ represents approximately 1,000 members in East Los Angeles, Southeast Los Angeles, Long Beach, Carson, and Wilmington. Through grassroots organizing and leadership-building skills, EYCEJ prepares community members to engage in policy issues of environmental justice and air quality at the regional, statewide, and national levels. For decades, EYCEJ has advocated for holding major stationary sources accountable for their part in ozone pollution.

18. People's Collective for Environmental Justice ("PC4EJ") is an association dedicated to building community power in the Inland Empire to fight against pollution and environmental racism. Founded in 2020, PC4EJ represents over 1,000 community members in the Inland Empire who are impacted by ozone pollution. Since its inception, PC4EJ has advocated for strong financial incentives for major stationary sources to reduce precursors to ozone pollution.

19. Sierra Club is a national environmental organization founded in 1892 that is dedicated to exploring, enjoying, and protecting the planet; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out those objectives. Sierra Club currently has approximately 3.1 million members and supporters nationwide and approximately 47,000 members in the South Coast. For many years, Sierra Club has advocated for strong regulatory measures to control ozone pollution.

20. Communities for a Better Environment ("CBE") is a California nonprofit environmental health and justice organization. Founded in California in 1978, CBE

1  organizes residents living in frontline communities around environmental, racial, and
2  social justice issues. CBE has hundreds of members in Los Angeles, with a large
3  representation in frontline communities like Southeast Los Angeles and Wilmington.
4  Through organizing supported by staff science and legal resources, CBE is
5  empowering communities to transform environmental conditions and improve health
6  outcomes in low-income communities and communities of color. CBE is seeking to
7  require SCAQMD to implement a fee program that reduces ozone in communities
8  pursuing environmental justice where CBE has a vast membership base.

9      21. Plaintiffs' members live, raise their families, work, recreate, and conduct
10 educational, research, advocacy, and other activities in the South Coast. They are
11 adversely affected by exposure to levels of air pollution that exceed the national
12 health-based ozone standards established under the CAA. The adverse effects of such
13 pollution include actual or threatened harm to their health, their families' health, their
14 patients' health, their professional, educational, and economic interests, and their
15 aesthetic and recreational enjoyment of the environment in the air basin.

16     22. The CAA violations alleged in this Complaint have injured and continue
17 to injure the interests of Plaintiffs and their members. Granting the relief requested in
18 this lawsuit would redress these injuries by compelling SCAQMD and CARB to take
19 the action mandated by law for improving air quality in areas violating national air
20 quality standards, such as the South Coast.

21     23. Defendant California Air Resources Board ("CARB") is the state agency
22 responsible for reviewing, approving, and integrating district-level plans and programs
23 into the SIP and for ensuring district plans attain and maintain ambient air quality
24 standards. Cal. Health & Safety Code § 41500. The California Air Resources Board is
25 located in Sacramento, El Monte, and Riverside, California, and performs its duties
26 throughout the State of California.

27     24. Defendant SCAQMD is a political subdivision of California responsible
28 for air pollution control in counties that include the Los Angeles metropolitan area. Its

authority is defined and circumscribed by enabling legislation found in California Health & Safety Code § 40400, *et seq.*, aka the "Lewis-Presley Air Quality Management Act." Under California law, SCAQMD has the authority to sue and be sued in the name of the district in all actions and proceedings in all courts and tribunals of competent jurisdiction. Cal. Health & Safety Code § 40701.

25. Defendant members of SCAQMD's Governing Board are all residents of the State of California.

## STATUTORY AND LEGAL FRAMEWORK

26. The CAA directs EPA to prescribe NAAQS, "the attainment and maintenance of which . . . are requisite to protect the public health" with "an adequate margin of safety." 42 U.S.C. §§ 7409(a), (b).

27. The CAA also directs EPA to designate areas with ambient air concentrations that exceed a national standard as "nonattainment" areas. 42 U.S.C. § 7407(d)(1).

28. Section 185 of the CAA requires states to develop, as a revision to their SIP, a fee program for areas classified as "severe" and "extreme" for nonattainment with the NAAQS for ozone. 42 U.S.C.A. § 7511d.

29. In 1997, EPA adopted the 8-hour ozone NAAQS, setting the daily maximum for 8-hour average concentrations of ozone at 0.08 parts per million. National Ambient Air Quality Standards for Ozone, 62 Fed. Reg. 38,856 (July 18, 1997) (codified at 40 C.F.R. § 50.10). In 2008, EPA strengthened the standard, setting a new standard of 0.075 parts per million. National Ambient Air Quality Standards for Ozone, 73 Fed. Reg. 16,436 (Mar. 27, 2008) (codified at same).

30. In 2006, the D.C. Circuit ruled in *South Coast Air Quality Management District v. EPA* that when EPA revokes an ozone standard, the section 185 fee program requirement is subject to an anti-backsliding provision and therefore continues to apply.

31. As such, when EPA transitioned from the 1997 to the 2008 ozone

standards, the section 185 fee program still applies to nonattainment for 1997 8-hour ozone standards, and SCAQMD was required to have finalized a fee program no later than June 15, 2014. 40 C.F.R. § 51.1100(o)(15); National Ambient Air Quality Standards for Ozone, 73 Fed. Reg. 16,436 (Mar. 27, 2008).

32. EPA required States to submit their SIP revisions within 10 years of the effective date of designation as "severe" or "extreme." 40 C.F.R. § 51.1117; 40 C.F.R. § 51.1317.

33. As described above, the South Coast has the delegated authority and primary responsibility to control air pollution from all sources other than motor vehicles. Cal. Health & Safety Code §§ 39002, 40000.

34. As such, South Coast has a non-discretionary duty to adopt a fee rule for the 1997 8-hour ozone standard. Cal. Health & Safety Code §§ 39002, 40000, 40001, 40440, 40462, 40469.

35. Similarly, CARB has a non-discretionary duty to ensure that the statewide SIP submission (including the fee rule) to EPA complies with the CAA and that districts' plans and programs are sufficiently effective to achieve and maintain the ambient air quality standards. Cal. Health & Safety Code §§ 39602, 39602.5, 41500.

36. Since South Coast and CARB have failed to take this non-discretionary action, citizens are empowered to seek a court order to compel prompt action. 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

### Ozone Pollution in the South Coast Air Basin

37. Ozone is a colorless, odorless reactive gas comprised of three oxygen atoms. It is formed by the chemical reaction between nitrogen oxides and volatile organic compounds in the presence of sunlight.

38. Breathing ozone can trigger a variety of health problems, including chest pain, coughing, throat irritation, and congestion. It can reduce lung function and inflame the linings of the lungs. Repeated exposure to ozone may permanently scar

lung tissue. Exposures can also worsen bronchitis, emphysema, and asthma. Ozone concentrations above the national 8-hour standard result in increases in school absenteeism, increases in respiratory hospital emergency department visits among asthmatics and patients with other respiratory diseases, increases in hospitalizations for respiratory illnesses, increases in symptoms associated with adverse health effects, including chest tightness and medication usage, and increases in mortality due to non-accidental, cardio-respiratory deaths.

39. Sources of the nitrogen oxides and volatile organic compounds that react to form ozone include industrial facilities and electric utilities, motor vehicle exhaust, gasoline vapors, and chemical solvents.

40. The South Coast air basin encompasses two-thirds of Los Angeles County as well as Orange County, southwestern San Bernardino County, and western Riverside County.

41. A recent report released by the American Lung Association ranked the Los Angeles region as the worst in the nation for ozone pollution, as it has been for nearly two decades. Am. Lung Assn., *State of the Air 2023*, at 18 (2023), https://www.lung.org/getmedia/338b0c3c-6bf8-480f-9e6e-b93868c6c476/SOTA-2023.pdf. In fact, areas in the South Coast violate federal ozone standards more days each year than any other place in the country (Los Angeles: 175 high ozone days; Riverside: 232 high ozone days; and San Bernardino: 194 high ozone days). *Id.* at 60-61.

42. As a result, people living in the South Coast suffer from high rates of asthma and other health ailments. It is therefore vital that SCAQMD timely implement all measures required by the federal CAA, including adopting fee requirements for ozone, to protect public health and welfare.

**SCAQMD's Duty to Take Action on the 1997 8-Hour Ozone Standard**

43. In 1997, EPA adopted the 8-hour ozone NAAQS, setting the daily maximum for 8-hour average concentrations of ozone at 0.08 parts per million.

National Ambient Air Quality Standards for Ozone, 62 Fed. Reg. 38,856, 38,856 (July 18, 1997) (codified at 40 C.F.R. § 50.10).

44. To this day, and as described above, 8-hour ozone concentrations in the South Coast frequently exceed healthy and legal levels, especially during summer.

45. EPA designated the South Coast as extreme nonattainment for the 1997 8-hour ozone standard on April 15, 2004. 40 C.F.R § 81.305; 40 C.F.R. § 52.282; *see also* Air Quality Designations and Classifications for the 8-Hour Ozone National Ambient Air Quality Standards; Early Action Compact Areas With Deferred Effective Dates, 69 Fed. Reg. 23,858 at 23,888-89 (April 30, 2004). The designations and classifications became effective on June 15, 2004.

46. The Section 185 fee program requires major stationary sources of VOCs and NOx in nonattainment areas either to reduce emissions by 20% or to pay an annual fee representative of 20% of their NOx and VOCs emissions to the state for every year after the area fails to meet the attainment deadline. 40 C.F.R. § 51.1117; 40 C.F.R. § 51.1317.

47. The explicit purpose of Section 185 is to compel the largest stationary polluters in an area to reduce ozone levels.

48. South Coast had 10 years since its designation as extreme nonattainment to revise its SIP with a fee program for the 1997 8-hour ozone standard, i.e., SCAQMD was required to revise its SIP with a Section 185 fee by June 15, 2014.

49. South Coast has yet to adopt a fee rule for the 1997 8-hour ozone standard.

50. The South Coast must remedy its failure to execute its mandatory duty to protect public health from ozone's harmful effects.

**CARB's Duty to Take Action on the 1997 8-Hour Ozone Standard**

51. CARB is designated as the state agency responsible for the preparation of the SIP required by the CAA (42 U.S.C., Sec. 7401, et seq.) and "coordinates the activities of all districts necessary to comply with that act." Cal. Health & Safety Code

§ 39602.

52. CARB must review the nonattainment area plans as well as rules and regulations and programs submitted by the districts to determine whether they are sufficiently effective to achieve and maintain the state ambient air quality standards. Cal. Health & Safety Code §§ 41500, 41650.

53. If the plans are deficient, CARB must notify the district of all deficiencies in writing. Cal. Health & Safety Code § 41503.2.

54. CARB was required by law to notify South Coast of its deficiency – i.e., the missing fee rule for the 1997 8-hour ozone standards. CARB failed to do so, and instead approved and integrated South Coast's deficient plan into the statewide SIP.

## FIRST CLAIM FOR RELIEF

### SCAQMD Failed to Adopt a Section 185 Fee Program

55. Plaintiffs reallege each and every allegation set forth above, as if fully set forth herein.

56. Since EPA designated the South Coast as extreme nonattainment on June 15, 2004, SCAQMD submitted SIP revisions in 2007 and 2012. Neither revision contained a fee program for the 1997 8-hour ozone standard.

57. SCAQMD and CARB were obligated to act and institute a fee program through a SIP revision by June 15, 2014. *See* Cal. Health & Safety Code §§ 39602, 41500, 41650; 40 C.F.R. § 51.1117; 40 C.F.R. § 51.1317.

58. SCAQMD has taken no action.

59. CARB has taken no action.

60. Accordingly, SCAQMD and CARB have been in continuous violation of 42 U.S.C. § 7410(a)(2)(A) since June 15, 2014.

61. This CAA violation constitutes a violation of an emission standard by a governmental instrumentality or agency within the meaning of the CAA's citizen suit provision. 42 U.S.C. § 7604(a)(1)(ii). This violation is ongoing and will continue unless remedied by this Court.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to grant the following relief:

1. DECLARE that SCAQMD and CARB are in violation of the CAA for failing to act and revise its SIP with a fee program for the 1997 8-hour ozone standard;

2. ISSUE an injunction directing SCAQMD and CARB to revise the SIP with a fee program for the 1997 8-hour ozone standard, as required by law;

3. ISSUE an injunction directing CARB to submit a SIP revision with a fee program for the 1997 8-hour ozone standard to EPA;

4. RETAIN jurisdiction over this matter until such time as SCAQMD and CARB have complied with their non-discretionary duties under the CAA;

5. AWARD to plaintiffs their costs of litigation, including reasonable attorney and expert witness fees; and/or

6. GRANT such additional relief as the Court may deem just and proper.

Dated:  August 15, 2023        /s/    Radhika Kannan
RADHIKA KANNAN (SBN 327733)
FERNANDO GAYTAN (SBN 224712)
ADRIANO L. MARTINEZ (SBN 237152)
rkannan@earthjustice.org
amartinez@earthjustice.org
fgaytan@earthjustice.org
Earthjustice
707 Wilshire Street, Suite 4300
Los Angeles, CA 90017
Tel: 415-217-2020 / Fax: 213-403-4822

*Counsel for Plaintiffs East Yard Communities for Environmental Justice and People's Collective for Environmental Justice*

SHANA LAZEROW (SBN 195491)
Communities for a Better Environment
6325 Pacific Blvd. Suite 300

Complaint for Declaratory and Injunctive Relief
Case No.

Huntington Park, CA 90255
(323) 826-9771
slazerow@cbecal.org

*Attorney for Communities for a Better Environment*

NIHAL SHRINATH (SBN 327921)
Sierra Club
2101 Webster St., Ste. 1300
Oakland, California 94612
(415) 977-5627
nihal.shrinath@sierraclub.org

*Attorney for Sierra Club*